# 22-1870

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

Roger Rowe

Plaintiff-Appellant

- v -

Cenlar FSB, CitiMortgage, Inc

Defendant(s)-Appellee(s)

On Appeal from the United States District Court
for the Eastern District of New York
District Court Case No. 2:19-cv-7278-JMA-AYS
From a Contract Action Related to a Consumer Credit Transaction

Brief of Roger Rowe

Roger Rowe, Pro Se
20 Spruce rd
Amityville, NY 11701
Tel: (631) 767-6537
rroweny@gmail.com

i

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................. ii

TABLE OF AUTHORITIES ........................................................... iv

JURISDICTIONAL STATEMENT ................................................. 1

STATEMENT OF ISSUES FOR REVIEW ..................................... 1

STATEMENT OF CASE ............................................................... 1

PROCEDURAL HISTORY ............................................................ 5

STANDARD OF REVIEW ............................................................. 7

    DE NOVO ................................................................................. 7

    CLEAR ERROR ........................................................................ 7

SUMMARY OF ARGUMENT ...................................................... 8

    I.    VIOLATION OF RIGHTS TO JURY TRIAL ...................... 8

    II.    MOVANT FAILED TO SUBMIT STATEMENT OF FACT .... 8

    III.    BIAS AND INCONSISTANT DETERMINATION ............... 9

    IV.    JUDGMENT & ORDER UNAUTHORIZED ....................... 9

    V.    VIOLATION OF BNK, TILA, RESPA ............................... 10

ARGUMENT ................................................................................. 10

POINT I VIOLATION OF RIGHT TO A JURY TRIAL .......................................................... 10

POINT II DEFENDANT(S) FAILED TO COMPLY WITH RULE 56 & 56.1 .......................... 12

POINT III BIAS & INCONSISTANT WITH PRIOR DETERMINATIONS ............................ 13

POINT IV JUDGMENT & ORDER UNAUTHORIZE.......................................................... 13

POINT V VIOLATION OF BNK, TILA, RESPA .................................................................. 14

    RESCISSION CLAIM ................................................................................................... 15

    RELIEF UNDER RULE 60(b) ...................................................................................... 18

CONCLUSION.................................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).. 7

*Antwi v. Health & Human Sys. (Ctrs.) F.E.G.S.*, 13-CV-835, 2014 WL 4548619,...................... 12

*Antwi v. Health & Human Sys. (Ctrs.) F.E.G.S.*, 13-CV-835, 2014 WL 4548619, at *4 (S.D.N.Y.

Sept. 15,2014) ......................................................................................................... 12

*Brathwaite v. Securities Industry Automation Corporation*, 06 CV 0300 (NG) (JMA) (E.D.N.Y.

Apr. 18, 2006). ......................................................................................................... 12

*FDIC v. Providence College*, 115 F.3d 136, 140 (2d Cir. 1997)..................................... 7

*Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003)........................................ 12

*Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ....................................... 13

*Kanwar v. Walgreen Co.*, 20-cv-6256 (JMA)(AYS) (E.D.N.Y. Dec. 21, 2021)........................... 15

*Ornelas v. United States*, 517 U.S. 690, 694 n. 3, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)......... 7

*Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)..................... 7

*PPO Industries v. AO.P. Svs.*, 235 AD.2d 979 (3d Dep't 1997 ................................... 19

*Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 17 (2d Cir. 2015)............................ 12

*United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)

.................................................................................................................. 8

Yordice v. Touro Coll. And Univ. Sys., No. 21cv2026, 2021 WL 5140058, at *3 (S.D.N.Y. (Nov.

4, 2021)................................................................................................................ 15

**Statutes**

§ 1331................................................................................................................ 1

§ 1337 ................................................................................................................ 1

§ 1348 ................................................................................................................ 1

§ 1355 ................................................................................................................ 1

§ 1357 ................................................................................................................ 1

§ 1367 ................................................................................................................ 1

15 U.S.C. § 1635 ........................................................................................... 3, 16

15 U.S.C. § 1641 ......................................................................................... 11, 16

15 U.S.C. 1641(g) .............................................................................................. 3

15 U.S.C.§ 1635(a) .......................................................................................... 16

15 U.S.C.§ 1635(g) .......................................................................................... 16

15 U.S.C.§ 1635(i)(1) ...................................................................................... 16

15 U.S.C.§ 1635(i)(3) ...................................................................................... 16

CPLR § 3021 .................................................................................................... 19

CPLR § 4101 ................................................................................ 8, 10, 11, 13

RPA § 1301 ....................................................................................................... 11

UCC § 3-104(1)(b) ........................................................................................... 21

UCC § 3-115(1) ............................................................................................... 21

UCC § 3-201(1) ............................................................................................... 17

UCC § 3-414 ............................................................................................... 18, 20

UCC § 3-415 ............................................................................................... 22, 23

UCC § 3-416(4) .......................................................................................... 22, 23

UCC § 3-802 ................................................................................ 18, 20, 21, 23

**Other Authorities**

Rules of Professional Conduct`` Rule 3.7 ................................................................. 17

**Rules**

28 U.S.C. § 1872 .................................................................................................. 7, 9

Rule 12(b)(6) ............................................................................................................ 3

Rule 38 ............................................................................................................ 7, 9, 12

Rule 39 ..................................................................................................................... 9

Rule 56 ............................................................................................................. passim

Rule 60(b) .............................................................................................................. 16

Rule56.1 ............................................................................................................... 10

**Regulations**

12 C.F.R. § 226.23(a) ............................................................................................ 15

12 C.F.R. § 226.23(a)(3) ....................................................................................... 15

**Constitutional Provisions**

Amdt 7.2.2 of the U.S. Const .................................................................................. 9

New York State Art. I § 2 ......................................................................................... 9

## JURISDICTIONAL STATEMENT

The District Court, has jurisdiction over Federal question of law § 1331, Commerce and antitrust regulations § 1337, Civil rights and elective franchise, Bank association as party § 1348, Fine, penalty or forfeiture § 1355, Injuries under Federal laws § 1357 and Supplemental jurisdiction § 1367 related to Plaintiff's claims. Pursuant to § 1291 the Court of Appeals, has jurisdiction to review Justice Joan M. Azrack December 22, 2021 order dismissing plaintiff's complaint (ECF 25), her December 29, 2021 final judgment which disposed of all parties' federal claims (ECF 26) and her August 25, 2022 order affirming her prior determinations (ECF 33), which were timely appealed on August 26, 2022 (ECF 34).

## STATEMENT OF ISSUES FOR REVIEW

The issues presented for review is whether Justice Azrack (i) exceeded her jurisdiction when she determined fact reserved for a jury trial, (ii) deprived Appellant of a clear legal right, (iii) was bias toward Appellant, or (iv) her determination is not supported by substantial evidence (clear error).

## STATEMENT OF CASE

On November 7, 2002 Plaintiff entered into a $157,500.00 credit transaction with Citibank, N.A a non-party to this action (PA 53 thru 74).

On or about July 12, 2019, Defendant Cenlar FSB, informed Plaintiff that his loan was currently owned by Federal National Mortgage Administration (FNMA) a

1

non-party to this action located at MidTown Center 1100 15th Street NW Washington, DC 20005) (PA 50). However, the undated indorsement on the instrument indicates that part of the loan was transferred to another holder (PA 117).

The blank indorsement discharged the other parties and transferred rights to service the November 7, 2002 contract, which is merely a consumer credit transaction, which by transfer Cenlar now retains a security interest in the property known as 20 Spruce rd Amityville, NY 11701 (PA 108).

The security interest created was in violation of New York banking laws as well as Federal laws TILA & RESPA. The laws prohibit a lender from charging certain fees to refinance an FHA loan (PA 152). In this instance the lender non-party Citi Bank and its affiliate Citimortgage charged origination fees as well as other prohibited charges and fees.

On or about July 12, 2019 Plaintiff was notified that Defendant CitiMortgage transferred servicing to Cenlar and that Cenlar was the New Servicer (PA 109).

As defined by 12 CFR Part 1024(Regulation X) a "Servicer" means a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan). As

evidenced on the face of the "NOTICE OF SERVICING TRANSFER" CitiMortgage transferred both the servicing rights the rights as a holder[1].

Defendant's Cenlar FSB and CitiMortgage failed to disclose or provide notice of mortgage transfer or right of rescission as required under 15 U.S.C. 1641(g) (particularly the location of the place where transfer of ownership of the debt is recorded) (PA 108 to 112).

Congress establishing TILA & RESPA as a means to settle violation out of court. The statute provides that if a creditor, assignee or transferee is found to have violated any of TILA's statutes the consumer is entitled to commence an action for damages. Although the statute permits rescission of a credit transaction within a certain time period Defendant(s) were unwilling to return Plaintiff's property.

Despite Plaintiff's attempt to exercise his right to seek damages against Defendant(s), Judge Azrack stated that she would never grant rescission. Although Plaintiff explained to Judge Azrack that the rescission he seek is not that of common law but it is related to punishment for violating TILA & RESPA 15 U.S.C. § 1635.

Despite Plaintiff warning Judge Azrack and Defendants counsel of his clear and unambiguous right to damages, Defendant(s) filed a Rule 12(b)(6) motion to dismiss Plaintiff's cause of action. Defendant(s) motion included matters outside the

---

[1] Cenlar is more than a mere servicer. Cenlar is also a holder with the rights to collect payment in his own name However, Cenlar does not have the rights to enforce title or payment.

3

pleadings thus requiring the motion to be converted from a Rule 12 motion to a Rule 56 summary judgment motion.

Despite asserting affirmative defenses confirming the existence of Plaintiff's claims, Cenlar failed to provide a separate statement of undisputed facts as mandated under Local Rule 56.1. The rule provides grounds for dismissal of a summary judgment motion void or absent a statement of material fact.

Cenlar also failed to provide the mandatory Notice to Pro Se Litigant as required under Local Rule 56.2 which is grounds for dismissal of their summary judgment motion action as well.

Even if the Court properly converted Defendants Rule 12 motion to that of a Rule 56 summary judgment motion, the fact that Defendant(s) admitted to Plaintiff's claim (via affirmative defenses) should have resulted in summary judgment in favor of the Plaintiff. Moreover, Defendant(s) failed to provide the requisite affidavits from individual(s) with personal knowledge of the facts.

Although an attorney verification is permitted, New York law has consistently ruled that an affidavit by an attorney who has no personal knowledge of the pertinent facts lacks probative value. That said the memorandums of Lijue T. Philip is hearsay and inadmissible.

Defendant Cenlar's claim that Plaintiff defaulted under the terms of the Loan on or about June 1, 2019, is patently false. Moreover, Defendant(s) failed to provide

4

admissible evidence controverting CitiMortgage own indorsement discharging Plaintiff pro tanto from the underlying obligation. As such Mr. Philip's statements is merely hearsay and is not supported by affidavit made from a person with personal knowledge.

Although Defendant(s) acknowledge being a servicer who received payment against the subject loan and provided evidence to the same, Judge Azrack determined that the loan "was not transferred or assigned to defendants (sic) PA 241 ¶ 2. Such a determination is clearly erroneous, if the loan was never transferred or assigned to defendants, Defendant(s) had no rights to collect payment and therefore must return payments as a matter of law.

Citi Bank, CitiMortgage and Cenlar is in clear violation of the "Holder Rule". The Defendants and non-party Citi Bank employed a scheme to separate Plaintiff's duty to satisfy a debt from the lenders duty to fulfill his obligation. Here the indorsement clearly shows CitiMortgage liability as an assignee under TILA's "Holder Rule" to damages resulting from a violation of 15 U.S.C. § 1640 and 15 U.S.C. § 1641.

## PROCEDURAL HISTORY

On December 30, 2019, the Plaintiff filed this action seeking damages under TILA & RESPA, Breach of contract, breach of fiduciary duty and conversion (**PA 3**).

On June 17, 2021. Defendants field a Rule 12 motion to dismiss (**PA 158**) which the district court improperly converted or fail to properly treat as a Rule 56 motion for summary judgment.

On July 26, 2021 Plaintiff filed an opposition to Defendant(s) motion to dismiss (**PA 178 thru 208**).

On December 22, 2021 Judge Azrack issued an order granting Defendant(s) motion to dismiss (**PA 235 thru 245**).

On December 29, 2021 Judge Azrack issued a judgment in favor of Defendant(s) (**PA 246**).

On January 10, 2022 Plaintiff filed a motion for relief from judgement, new trail and in the alternative amend the (**PA 248**).

On January 19, 2022 Plaintiff filed it opposition (**PA 384**).

On January 28, 2022 Plaintiff filed a reply (**PA 397**).

On June 8, 2022 some five months later Plaintiff field a motion to compel (**PA 422**).

On June 15, 2022 Defendant filed a memorandum in opposition (**PA 427**).

On June 17, 2022 Plaintiff filed a reply (**PA 434**).

On August 25, 2022 Judge Azrack issued an order denying Plaintiff's motion (**PA 438**).

On August 26, 2022 Plaintiff filed a notice of appeal (**PA 449**).

## STANDARD OF REVIEW

### DE NOVO

This Court has determined that a review of a district court's decision is reviewed de novo. De novo review is review without deference. Such review is "traditionally" associated with appellate assessments of a district court's legal conclusions. *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). However, other conclusions are reviewed de novo as well. See, e.g., *FDIC v. Providence College*, 115 F.3d 136, 140 (2d Cir. 1997) ("mixed questions of law and fact are . . . reviewed de novo"); cf. post at 169-70 (noting that our Court used to review certain factual findings on an essentially de novo basis).

### CLEAR ERROR

"Clear error" is the standard under which appellate courts review a district court's factual findings. See *Ornelas v. United States*, 517 U.S. 690, 694 n. 3, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) ("'Clear error' is a term of art derived from Rule 52(a) of the Federal Rules of Civil Procedure, and applies when reviewing questions of fact."). It is a deferential standard of review grounded, inter alia, on the belief that district courts have a good deal of "expertise" when it comes to fact-finding. *Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

7

definite and firm conviction that a mistake has been committed." *United States v.*
*United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed.
746 (1948); accord City of Bessemer City, 470 U.S. at 573-74, 105 S.Ct. 1504 ("If
the district court's account of the evidence is plausible in light of the record viewed
in its entirety, the court of appeals may not reverse it even though convinced that
had it been sitting as the trier of fact, it would have weighed the evidence differently.
Where there are two permissible views of the evidence, the factfinder's choice
between them cannot be clearly erroneous.").

## SUMMARY OF ARGUMENT

### I.   VIOLATION OF RIGHTS TO JURY TRIAL

Judge Azrack violated Plaintiff's constitutional right to a jury trial. Amdt 7.2.2
state in part "In Suits at common law, where the value in controversy shall exceed
twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury,
shall be otherwise re-examined in any Court of the United States, than according to
the rules of the common law". The right to a jury trial is codified under 28 U.S.C. §
1872 which states "In all original actions at law in the Supreme Court against citizens
of the United States, issues of fact shall be tried by a jury". Although Plaintiff
complied with Rule 38 when he demanded a jury trial, Judge Azrack proceeded to
determine facts preserved for a jury which is also precluded by CPLR § 4101.

### II.   MOVANT FAILED TO SUBMIT STATEMENT OF FACT

Defendant(s) failed to submit a statement of material facts showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. When a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, Rule 56(c), permits the court to (i) give an opportunity to properly support or address the fact, (ii) consider the fact undisputed for the purposes of the motion, (iii) grant summary judgment if the motion and supporting material-includes the facts considered undisputed-show that the movant is entitled to it, (iv) issue an appropriate order.

In this instance the record is void Defendants statement of material fact which should have resulted in the denial of his motion. Moreover Defendant(s) failure to controvert Plaintiff's statement of material fact should have resulted in summary judgment in favor of Plaintiff for the court is to consider Plaintiff's facts as undisputed.

## III.   BIAS AND INCONSISTANT DETERMINATION

Judge Azrack determination is bias and inconsistent with her prior determinations. The district court has consistently ruled that failure to comply with Local Rule 56.1 is grounds for dismissal and that a party's failure to controvert statements of facts is considered undisputed.

## IV.   JUDGMENT & ORDER UNAUTHORIZED

Although Judge Azrack has subject matter jurisdiction, she exceeded her authority when she determined fact preserved for a jury trial. CPLR § 4101 states that issues of fact shall be tried by a jury unless a jury trial is waived for (1) an action for a judgment of money, (2) to recover a chattel or determine a claim to real property under article 15 of real property actions and proceedings law, or (3) by constitution or by express provision of law to a trial by jury. The causes of action in front the Court are grounded in issues of fact that are triable by jury. Judge Azrack exceeded her authority when she determined facts related to a sum of money, chattel paper and real property.

## V.    VIOLATION OF BNK, TILA, RESPA

Defendant(s) violated both state and federal laws when they refinanced a mortgage and charged prohibited fees. Defendant(s) impaired Plaintiff's property when they entered into an agreement utilizing Plaintiff's collateral without his consent, for Defendant(s) own benefit. Defendants also implemented a scheme to separate Plaintiff's duty to pay a debt from Defendant(s) duty to fulfill its obligation to pay Plaintiff for any loss associated with the instrument.

## ARGUMENT

## POINT I VIOLATION OF RIGHT TO A JURY TRIAL

Both State and Federal Constitution provides for each citizen to have the rights to a jury trial (see New York State Art. I § 2 and Amdt 7.2.2 of the U.S. Const). The

10

right to a jury trial is also codified and protected by various rules and regulations such as 28 U.S.C. § 1872 which states that "In all original actions at law in the Supreme Court against citizens of the United States, issues of fact shall be tried by a jury". FRCP Rule 38 outlines the procedure in which a demand must be filed and Rule 39 states defines two exceptions in which a jury trial can be waived (1) by stipulation, and (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial. The right to a jury trial is also prescribed under CPLR § 4101 which states that in an action which permits a judgement for a sum of money, an action to recover chattel or real property.

Moreover, Both 15 U.S.C. § 1641 ("Holder Rule") and RPA Article 15. RPA § 1301 preserves a litigant's rights to counterclaims which a particular act or statue may have precluded an issue of fact from being determined prior to an issue of equity. In this instance although Judge Azrack was entitled to determine issues of equity, she was estoppel from determining equity issues prior to legal issues.

In this instance Judge Azrack exceeded her authority when she determined facts reserved for a jury trial, despite Plaintiff prominent notice of a demand for a jury trial. Although Plaintiff's legal claims share common issues with those of Defendant(s) equitable defenses and counterclaims, Plaintiff's contract claim completely destroys Defendant(s) claims and defenses. In fact, Congress enacted

11

laws to punish unfair and deceptive practices which include statutory penalties to deter Defendant(s) form separating or evading their duty to fulfill an obligation.

## POINT II DEFENDANT(S) FAILED TO COMPLY WITH RULE 56 & 56.1

This court has consistently ruled that a party moving for summary judgment under Rule 56 must submit a "separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." *Antwi v. Health & Human Sys. (Ctrs.) F.E.G.S.*, 13-CV-835, 2014 WL 4548619, at *4 (S.D.N.Y. Sept. 15,2014) (Ramos, J.) (denying pro se plaintiff's motion seeking summary judgment for failing to comply with Local Rule56.1). As a well learned jurist Judge Azrack understood the importance of submitting a Rule 56.1 statement. As far back as April 18, 2006 when Judge Azrack was a Magistrate Judge under Judge Nina Gershon, Judge Azrack know the importance of submitting a Rule 56.1 statement see *Brathwaite v. Securities Industry Automation Corporation*, 06 CV 0300 (NG) (JMA) (E.D.N.Y. Apr. 18, 2006).

In *Davis v. Town of Hempstead* , 14-CV-903 (JMA)(GRB) (E.D.N.Y. Jan. 16, 2019), Judge Azrack cited the following cases in which summary judgment was denied for the failure to submit a Rule 56.1 statement *Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 17 (2d Cir. 2015) (affirming district court's denial of summary judgment motion based upon movant's filing of a 56.1 statement without adequate citation); see *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003)

(holding that "unsupported assertions [in a Local Rule 56.1 statement] must ... be disregarded"); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court ... is not required to consider what the parties fail to point out in their Local Rule 56.1 statements").

For Judge Azrack to render a determination contrary to the well settled mandate of Rule 56.1 and her understanding of the same can only conclude that Judge Azrack determination was either willful or negligent. Although Plaintiff's cited Judge Azrack *Davis* determination in his affirmation for relief (PA 416), Judge Azracks obtuse response can only be view as having disdain toward Plaintiff.

## POINT III BIAS & INCONSISTANT WITH PRIOR DETERMINATIONS

Based on Judge Azrack's prior determination and understanding of the law, it is apparent that Plaintiff was treated deferent than other litigants. Although Plaintiff's informed Judge Azrack of the absents of a Rule 56.1 statement and the courts strict compliance with the requirements of Rule 56.1 (PA 279), Judge Azrack proceeded to issue an improper order and judgment.

## POINT IV JUDGMENT & ORDER UNAUTHORIZE

Both state and federal law prohibits a judge from determining issues of fact unless waived. CPLR § 4101 clearly states that in an action which permits a judgment for the sum of money or an action to recover a chattel or real property under RPA Article 15, the issues of fact shall be tried by a jury unless a jury trial is

13

waived. Moreover Rule 38 states that "The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate".

Although Judge Azrack may preside over a jury trial, she is not permitted to determine issues of fact. The Court has consistently held that, even though the claim for legal relief was characterized by the district court as incidental to the equitable relief sought, the Seventh Amendment required that the factual issues pertaining to whether there had been a breach of contract to be tried before a jury. Thus, the rule emerged that legal claims must be tried before equitable ones, and before a jury if the litigant so wished.

In this instance Plaintiff demanded a jury trail related to all issues being that the legal claims could destroy any equitable defenses. As such Judge Azrack unauthorized orders and judgment must be dismissed as *void ab initio* for no respect is owed to an illegal and unlawful order or judgment.

## POINT V VIOLATION OF BNK, TILA, RESPA

Although Plaintiff's thoroughly detailed his cause of action, the record shows that Judge Azrack acted willfully, negligently or misunderstood Plaintiff's rights to damages resulting from unfair and deceptive practices of the Defendant(s). Despite Defendant(s) accurately identified the elements of each cause of action and admitting to the claims via assertion of affirmative defenses and a counterclaim that

14

Plaintiff's was in default on the loan. Judge Azrack preceded to dismiss the action despite Defendant(s) failure to submit a statement of fact and admissible evidence supporting the facts related to their defenses.

**RESCISSION CLAIM**

It is apparent that Judge Arzack misunderstood the right to rescind a contract under common law with the rights to rescind a credit transaction under TILA 15 U.S.C. §§ 1635, 1641. The right to rescind a contract under common law requires a party to the contract the return the proceeds prior to the other party's compliance. However, rescission under TILA or breach of contract[2] is designed to comply the party to return the property prior to the aggrieved party returning property or proceeds. The purpose of TILA's right of rescission is to punish the seller and purchaser of certain mortgages for failing to provide various disclosures and failure to preserve or evade a consumers rights to claims and defenses against the instrument.

TILA provides a consumer the right to rescind a credit transaction related to the following:

---

[2] When a party to a contract breaches the contract, the aggrieved party may be entitled recover all moneys paid in relation to the contract. In *Kanwar v. Walgreen Co.*, 20-cv-6256 (JMA)(AYS) (E.D.N.Y. Dec. 21, 2021). Judge Azrack stated "To state a claim for breach of contract, a plaintiff must plausibly allege: (1) existence of a contract; (2) performance by the plaintiff; (3) defendant's failure to perform: and (4) damages. See *Yordice v. Toura Call. And Univ. Sys.*, No. 21cv2026, 2021 WL 5140058, at *3 (S.D.N.Y. (Nov. 4, 2021)". For the Judge to claim that Plaintiff's complaint does not satisfy the elements of her prior determination evidence of blatant bias.

1. from the original lender as prescribed under (see 15 U.S.C.§ 1635(a)).

2. from any creditor who violated section 1635 (see 15 U.S.C.§ 1635(g)).

3. at any time during a foreclosure (see 15 U.S.C.§ 1635(i)(1)).

4. the right to rescission in recoupment under State Law (see 15 U.S.C.§ 1635(i)(3)).

5. the right to rescind a credit transaction against an assignee as prescribed under (see 15 U.S.C. § 1641(c)).

Although the purchaser of the credit transaction could avoid liability if he demonstrates, by the preponderance of the evidence, that a person exercising ordinary due diligence, could not determine that the mortgage was one referred to in section 1602(aa), if his is unable he is liable to actual and statutory damages.

In this instance Cenlar failed to provide any evidence proving that the mortgage was not one referred to in section 1602(aa). In fact, the face of the note bares a prominent indorsement in blank with the words "without recourse" which disclaims liability and would have trigger any ordinary person performing due diligence to inquire as to the liability.

In a transaction in which the right of rescission exists (like here when the credit transaction is assigned to a new creditor), the creditor is obliged to provide the consumer with a notice of the consumer's right of rescission, as well as the required disclosures regarding the credit terms. See 15 U.S.C. § 1635(a); 12 C.F.R. §

16

226.23(a). Thus, if a creditor fails to provide a consumer with: (1) a notice of the three (3) day right of rescission that conforms to the statutory requirements and (2) all of the "material" TILA disclosures, the three (3) day right to rescind is extended for a period of up to three (3) years. 12 C.F.R. § 226.23(a)(3).

In this instance Plaintiff seeks to rescind the credit transaction dated March 31, 2019 against the assignee (see PA 109) not the November 7, 2002 transaction against the lender described in Judge Azrack Memorandum and Order (see PA 240).

Nevertheless, Judge Azrack conflates the term servicing from servicer which have distinct meanings under the law. Moreover, the gravamen of the complaint is to estoppel collection and return monies paid. Although Judge Azrack determined that the loan was not transferred or assigned to Defendant(s) (see PA 241) Judge Azrack also determined that Defendant(s) were not in violation or participated in unfair and deceptive debt collection practices.

Judge Azrack clearly errored for both conditions can't exist simultaneously. In order to collect a debt, the collector must be assigned, transferred or authorized to do so. In this instance the record is absent any evidence (e.g Power of Attorney, servicing agreement) between the original lender, FNMA and the Defendant(s) authorizing them to collect the debt.

Moreover, New York law prohibits the collection of a debt absent the transfer of such rights (see UCC § 3-201(1). Here the indorsement of CitiMortgage (agent of

17

Citi Bank) clearly discharged Plaintiff from the underlying liability[3] (see UCC § 3-802).

Defendant(s) refusal to return the security interest along with all monies paid is a violation of FDCPA and TILA's "Holder Rule" which was enacted to protects consumers from the despicable act of separating the lenders obligation to fulfill its promise (see UCC § 3-414 Contract of Indorser), from a consumers duty to pay a debt.

**RELIEF UNDER RULE 60(b)**

Although Judge Azrack acknowledge that relief from a prior judgment or order is appropriate under Rule 60(b) "when a judge has made a substantial mistake of law or fact in the final judgment or order" (sic) PA 444, she was unwilling to reverse her course even though she ruled differently in prior cases.

Judge Azrack clearly made a substantial mistake in law and fact when she issued her December 22, 2021 order, her December 29, 2021 judgment and her August 25, 2022 order absent admissible evidence supporting Defendant(s) claim. Moreover, the record fails to satisfy the substantial evidence threshold necessary to obtain summary judgment as a matter of law.

---

[3] A bank being the maker of the instrument with no recourse on it (evidenced by the blank indorsement "without recourse"), the obligation is pro tanto discharged.

Judge Azrack was required to dismiss Defendant(s) Rule 12 motion which was converted to a Rule 56 summary judgment motion for Defendant(s) failure to provide a statement of material fact.

It is well settled that the Court demands strict compliance as it pertains to the submission of the Rule 56 statement of material facts. Moreover, the constitution and the law prohibit the determination of issues of equity prior to those of issues of fact.

Furthermore the only affidavit or affirmation submitted by Defendant(s) is that of their attorney. It is well settled that an attorney affidavit lacks probative value (see *PPO Industries v. AO.P. Svs.*, 235 AD.2d 979 (3d Dep't 1997). Although an attorney verification is permitted under CPLR § 3021, an attorney seeking to verify a pleading must (1) It must indicate that the pleading is true to the knowledge of the deponent, except as to matters stated to be on information and belief. (2) With regard to those matters alleged to have been stated on information and belief, he or she believes it to be true. (3) If the verification is made by a person other than the party, he or she must indicate in the affidavit of verification the grounds of his belief as to all matters not stated upon his knowledge. (4) The deponent must also state the reason why the verification is not made by the party.

Furthermore an attorney acting as an advocate and a witness violates New York State Bar Association "Rules of Professional Conduct" Rule 3.7. which

19

prohibits a lawyer from simultaneously serving as advocate and witness. If counsel is acting as a witness (as he is in this instance) he is liable to Plaintiff for aiding and abetting conversion as well as participating in a conspiracy to deprive Plaintiff of his rights under the color of law as prescribed under 42 U.S.C. §§ 1983, 1985.

## CONCLUSION

Although it is difficult and somewhat an herculean task to convince a jurist that they erred in determining an action, the record in this instance clearly shows that Judge Azrack errored as a matter of law and fact. For these reasons I pray that this court corrects Judge Azrack's error and direct her to do the right thing and reverse her erroneous judgment.

Judge Azrack orders and judgment are clearly erroneous and is unsupported by the record. Not only is the record absent affidavits from a person with actual knowledge, Defendant(s) failed to submit the mandated statement of fact as prescribed by Rule 56.1.

Moreover, the face of the note clearly provide notice disclaiming liability which discharges Plaintiff pro tanto from the underlying obligation (see UCC § 3-802(1)(a)). Pursuant to UCC § 3-414(1) contract of indorser:

> Unless the indorsement otherwise specifies (as by such words as "without recourse") every indorser engages that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor at the time of his indorsement to the holder or to any subsequent indorser who takes it up, even though the indorser who

20

takes it up was not obligated to do so.

All indorser's promise to pay the instrument unless its specifically indorsed with the words "without recourse". By added the words "without recourse" the indorser pro tanto discharged the underlying obligor (see UCC § 3-802(1)(a). In this instance the face of the instrument prominently notifies an assignee, transferee or purchaser of the conditional/incomplete nature of the instrument.

In order for a writing to be considered as a negotiable instrument UCC § 3-104(1)(b) requires that it contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer. In this instance the instrument is incomplete for it contains two unconditional promise and a conditional obligation. UCC § 3-115(1) states that:

> When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed.

As a matter of law an incomplete instrument cannot be enforced until completed. Moreover, if the completion is unauthorized the rules as to material alteration apply (Section 3-407), based on the record the instrument was either pro clearly tanto discharged prior to transferring to a third-party beneficiary.

21

As evidenced by the signature used, the ("type"[4]) of indorsement used by Plaintiff was intended for the sole uses of the contract between Plaintiff and the original lender. However, the type of indorsement used by the lenders agent which is a signature with words creates the presumption that the signature is for the accommodation of the others (see UCC § 3-416(4)).

As an accommodation party Plaintiff is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party (see UCC § 3-415). For counsel and his client to continue this despicable scheme to separate a duty to pay from other obligations under a contract and recruit a Jurist into depriving Plaintiff of his constitutional, statutory and regulatory rights is an unconscionable act subject to actual damages, statutory damages and punitive damages.

Although Defendant(s) failed to submit a statement of facts, Plaintiff submitted his statement of facts (see PA 209 thru 215) which went undisputed. The record clearly shows that Judge Azrack errored as a matter of law and fact when she granted Defendant(s) summary judgment despite the existence Plaintiff's undisputed material facts. Moreover Judge Azrack exceeded her authority when she determined

---

[4] An indorsement is a signature with or without words which indicates the capacity of the indorsement (see UCC § 3-401(2)). The words added to the signature of one of two or more makers or acceptors create a presumption that the signature is for the accommodation of the others (see UCC § 3-416(4)).

issues of fact reserved for a jury trial and presided over issues of equity prior to determining issues of facts. The following facts and matters of law confirms Plaintiff's right to summary judgment for the amount stated in the complaint. The only issue remaining would be a trial by jury to determine punitive damages.

1) The record confirms the existence of a contract (PA 53 thru 74).

2) The indorsement of Plaintiff's accommodation is evident by the signatures without added words (PA 114 & 117).

3) An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party (UCC § 3-415(5)).

4) The qualified, restrictive indorsement with additional words gives the presumption of the accommodation (UCC § 3-416(4)).

5) The without recourse notice discharged Petitioners debt as a matter of law (UCC § 3-802).

6) Judge Azrack's affirmation that Defendant(s) were never assigned or transferred the instrument (PA 241) confirms Plaintiff's claim that Defendant(s) have no legal right to collect payment or enforce the instrument.

7) If the loan was never assigned or transferred, any attempt by Defendant(s) to collect the debt would be a violation of FDCPA.

8) Here the record shows Defendant (CitiMortgage) collected payments and Defendant (Cenlar) continuous attempts to collect a debt despite Plaintiff's notice of rescission (PA 76).

Defendant(s) actions are unconscionable and a clear violation of numerous Federal and State laws. TILA was enacted to punish lenders, creditors, assigners, assignee's, transferers, transferee's, servicers and agents from unfair and deceptive practices. Here the Judge Azrack determined that Plaintiff's loan was never assigned or transferred to Defendant(s) but yet she acquiesced in her duty to punish a party for violating the laws which she pledged to uphold. As such I ask this Court to exercise its power and issue an order granting Plaintiff's complaint.

Signed this 8th day of November 2022.

Roger Rowe
Pro Se
20 Spruce rd
Amityville, NY 11701
Tel: (631) 767-6537
rroweny@gmail.com

24

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1. This document complies with type-volume limit of Fed. R. App. P. Rule
32(a)(7)(B) excluding the parts of the document exempted by Fed. R. App. P. 32(f)

this document contains 5514 words.

Signed this 8th day of November 2022.

Roger Rowe
Pro Se
20 Spruce rd
Amityville, NY 11701
Tel: (631) 767-6537
rroweny@gmail.com

1

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Roger Rowe,

        Plaintiff-Appellee

        v.

Cenlar FSB; CitiMortgage, Inc

        Defendant-Appellant

**CERTIFICATE OF SERVICE\***

Docket Number: 22-1870

I, Roger Rowe, hereby certify under penalty of perjury that on November 8, 2022, I served a copy of my principal brief and appendix

☐Personal Delivery ☐United States Mail ☐ Federal Express or other

☒Overnight Courier☐Commercial Carrier ☒E-Mail (courtesy copy)

on the following parties:

Lijue T. Philip 100 Park Avenue, Suite 2000 New York, New York 10017

e-mail lphilip@stradley.com

\*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

\*\*If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

Today's Date 11/08/2022

Roger Rowe
Pro Se
20 Spruce rd
Amityville, NY 11701
Tel: (631) 767-6537
rroweny@gmail.com

1