# 22-1870-CV

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT



ROGER ROWE,

*Plaintiff-Appellant,*

*v.*

CENLAR FSB, CITIMORTGAGE, INC.,

*Defendants-Appellees.*

_____

*On Appeal from the United States District Court
for the Eastern District of New York*

## BRIEF FOR DEFENDANTS-APPELLEES

Lijue Thomas Philip, Esq.
STRADLEY RONON STEVENS
  & YOUNG, LLP
*Attorneys for Defendants-Appellees*
100 Park Avenue, Suite 2000
New York, New York 10017
212-404-0625

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellee, Cenlar FSB, discloses that it is a wholly-owned subsidiary of Cenlar Capital Corporation. There is no publicly held corporation owning 10% or more of its stock. Appellee, CitiMortgage, Inc., discloses that it is owned in part by both Citibank, N.A. and Citi Retail Services LLC. Citibank, N.A. owns 70% of CitiMortgage, Inc., and Citi Retail Services LLC owns the remaining 30% of CitiMortgage, Inc.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................1

COUNTER-STATEMENT OF ISSUES PRESENTED .....................................1

COUNTER-STATEMENT OF THE CASE ......................................................2

SUMMARY OF ARGUMENT ................................................................5

STATEMENT OF THE STANDARD OF REVIEW ...........................................6

ARGUMENT .......................................................................................7

    POINT I: THE DISTRICT COURT DID NOT VIOLATE ROWE'S RIGHT TO A JURY TRIAL...........................................................7

    POINT II: CENLAR AND CITIMORTGAGE WERE NOT REQUIRED TO COMPLY WITH FED R. CIV. P. 56 AND/OR 56.1...................................................................9

    POINT III: THE DISTRICT COURT PROPERLY DISMISSED ROWE'S CAUSE OF ACTION FOR RECISSION PURSUANT TO THE TRUTH IN LENDING ACT. .......................................... 11

    POINT IV: THE DISTRICT COURT PROPERLY DENIED ROWE'S REQUEST TO VACATE THE JUDGMENT PURSUANT TO FED. R. CIV. P. 60...................................................... 14

CONCLUSION ................................................................................. 17

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Beach v. Ocwen Fed. Bank*,
    523 U.S. 410, 118 S.Ct. 1408 (1998)...............................................................13

*Bridgewater v. Taylor*,
    08-CV-3593, 2010 WL 1459722 (S.D. N.Y. Apr. 6, 2010)..............................10

*Buffalo Teachers Fed'n v. Tobe*,
    514 Fed.Appx. 57 (2d. Cir. 2013).......................................................................7

*Matter of Burch*,
    835 Fed.Appx. 741 (5th Cir. 2021).....................................................................8

*Dins v. Nationstar Mortg., LLC*,
    16-CV-2943, 2017 WL 570941 (S.D. N.Y. Feb. 13, 2017) ..............................14

*Hahn v. New Jersey*,
    803 Fed.Appx. 667 (3d Cir. 2020).......................................................................8

*Henry v. Jones*,
    484 Fed.Appx. 290 (11th Cir. 2012)....................................................................8

*Holtz v. Rockefeller & Co., Inc.*,
    258 F.3d 62 (2d Cir. 2001) ................................................................................16

*Leibovitz v. City of New York*,
    14-CV-7106, 2018 WL 1157872 ......................................................................10

*Mendell in Behalf of Viacom, Inc. v. Gollust*,
    909 F.2d 724 (2d Cir. 1990) .............................................................................15

*Reynoso v. Tousson*,
    14-CV-3564, 2019 WL 4393958 (E.D. N.Y. Sept. 13, 2019)...........................16

*Sfoglia v. Hartford Fire Ins. Co.*,
    07-CV-800, 2009 WL 10702957 (E.D. N.Y. June 17, 2009).............................16

*Triola v. ASRC Mgmt. Servs.*,
    487 Fed.Appx 611 (2d Cir. 2012) ........................................................................7

**Statutes**

15 U.S.C. § 1635(a) ...................................................................................12

15 U.S.C. § 1635(f) ...............................................................................12, 14

15 U.S.C. § 1640 ......................................................................................13

28 U.S.C. § 1872 .......................................................................................7

Fair Debt Collection Practices Act ....................................................................4, 5

New York's Banking Law ..............................................................................11

Real Estate Settlement Procedures Act .................................................................11

Truth in Lending Act (TILA) ...................................................................*passim*

**Other Authorities**

12 C.F.R. § 1026.2(a)(12) ...........................................................................13, 14

12 CFR Part § 1026.23 .................................................................................3, 4

Seventh Amendment ...............................................................................1, 6, 8

Fed. R. Civ. P. 12(b) ..........................................................................*passim*

Fed. R. Civ. P. 56 .......................................................................6, 9, 10, 11, 16

Fed. R. Civ. P. 60 ...................................................................................15

Rule 12[b] .......................................................................................8, 10

## PRELIMINARY STATEMENT

Defendant-Appellees Cenlar FSB ("Cenlar") and Citimortgage, Inc. ("Citimortgage") submit this brief in opposition to the appeal of Plaintiff-Appellant Roger Rowe ("Rowe"), which seeks to reverse the Memorandum and Order entered in the United States District Court for the Eastern District of New York, Hon. Joan M. Azrack, U.S.D.J. as well as the subsequent Judgment, which granted Cenlar and Citimortgage's motion to dismiss the First Amended Complaint. Rowe further seeks to reverse the Memorandum and Order entered in the United States District Court for the Eastern District of New York, Hon. Joan M. Azrack, U.S.D.J., which denied Rowe's motion to vacate the Judgment pursuant to Fed. R. Civ. P. Rule 60(b).

## COUNTER-STATEMENT OF ISSUES PRESENTED

1. Whether Rowe's Seventh Amendment rights were violated by the District Court's granting Cenlar and Citimortgage's motion to dismiss.

It is respectfully submitted that the proper granting of dismissal pursuant to Fed. R. Civ. P. 12(b) does not amount to a violation of the Seventh Amendment.

2. Whether the failure to include a Statement of Material Facts pursuant to Local Rule 56.1 in support of a Motion to Dismiss amounts to a fatal error warranting denial of the motion.

It is respectfully submitted that a Statement of Material Facts is not required for a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b), and its omission does not mandate denial of such a motion.

3.    Whether the District Court properly dismissed Rowe's cause of action under Truth in Lending Act for rescission where the rescission attempt was made seventeen years after the loan was originated.

It is respectfully submitted that the District Court properly determined that Rowe's attempt to rescind his loan was untimely and dismissed his rescission cause of action accordingly.

4.    Whether the District Court properly denied Rowe's Motion to Vacate the Judgment pursuant to Fed. R. Civ. P. 60(b) in the absence of extraordinary circumstance.

It is respectfully submitted that the District Court properly denied Rowe's motion to vacate in the absence of the demonstration of an extraordinary circumstance.

## COUNTER-STATEMENT OF THE CASE

On November 7, 2002, Rowe executed, acknowledged, and delivered a Consolidation, Extension and Modification Agreement ("CEMA") to Citibank, N.A. (PA 69 – 74) alongside a note dated November 7, 2002 in the amount of $119,893.44 (PA 67 – 68) and a mortgage encumbering the property located at 20 Spruce Rd,

Amityville, New York 11701 in the amount of $119,893.44 (PA 54 – 64). The CEMA, note, and mortgage will collectively be referred to as the "Loan." At the time of the closing of the Loan, Rowe signed and dated a Truth in Lending Disclosure Statement. (PA 150).

By correspondence sent by Citimortgage, Rowe was informed that Citimortgage would work alongside Cenlar in the servicing of the Loan, effective April 1, 2019. (PA 108 – 112). In response to a Qualified Written Request dated June 27, 2019, Cenlar sent correspondence to Rowe dated July 12, 2019, which stated that the Loan is currently owned by Federal National Mortgage Association ("FNMA"), serviced by Citimortgage and sub-serviced by Cenlar. (PA 50 – 51).

On or about October 21, 2019, *i.e.*, seventeen years after the origination of the Loan, Rowe sent a "Notice Right of Rescission 12 CFR Part § 1026.23 Right of rescission" to Cenlar, which Rowe stated "memorializes [his] formal rescission of [the Loan]." (PA 76 – 77). On or about November 11, 2019, Rowe sent a follow-up correspondence to Cenlar requesting that the Mortgage be "terminated." (PA 80 – 81).

Rowe commenced the instant action solely against Cenlar on December 30, 2019. (PA 1). Cenlar moved to dismiss the complaint on April 28, 2020, and Rowe moved to amend the complaint on August 6, 2020. The District Court granted Rowe leave to amend the complaint and denied Cenlar's motion as moot. (*Id.*). On March

22, 2021, Rowe filed his First Amended Complaint against Cenlar and newly-added defendant Citimortgage. (PA 3 – 154). Rowe asserted claims pursuant to the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), and state law causes of action for conversion, breach of contract, breach of fiduciary duty and aiding and abetting fraud. Rowe attached fourteen exhibits to the First Amended Complaint, including but not limited to: copies of the note, mortgage and CEMA (PA 52 – 74); the signed TILA Disclosure Statement (PA 149 – 150); a payment history for the Loan (PA 118 – 133); the notice of servicing transfer (PA 107 – 112); Cenlar's response to Rowe's Qualified Written Request (PA 49 – 51); and Rowe's notices of rescission (PA 75 – 81).

Cenlar and Citimortgage moved to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on June 17, 2021. While Cenlar and Citimortgage made reference to and relied on the exhibits annexed to the First Amended Complaint, they did not submit any exhibits in support of their motion. (PA 158 – 177). Rowe submitted opposition to Cenlar and Citimortgage's motion, acknowledging that it was made pursuant to Fed. R. Civ. P. 12(b)(6) but also included a Statement of Material Facts Pursuant to Local Civil Rule 56.1 in support of his opposition. (PA 178 – 223). Rowe also requested leave to amend the First Amended Complaint as part of his opposition, though he did not move for this relief. (PA 222). By Memorandum and Order dated December 22, 2021, the District Court

dismissed the federal claims asserted in the First Amended Complaint, declined to exercise jurisdiction over the state-law claims, and denied leave to amend. (PA 235 – 245). On December 29, 2021, the District Court issued a Judgment in accordance with the Memorandum and Order. (PA 246 – 247).

On January 10, 2022, Rowe moved "for Relief from Judgment, New Trial and in the Alternative Amend Findings Pursuant to FED R. 52(a)(6), 52(b), 59(a)(1)(B), 59(a)(2), 60(1), 60(3) and 60(6)". (PA 248 – 383). Cenlar and Citimortgage opposed this motion. (PA 384 – 396). The District Court denied Rowe's motion in its entirety. (PA 438 – 448).

## SUMMARY OF ARGUMENT

Rowe sought to rescind his mortgage loan *seventeen years* after he originated it and enjoyed its benefits. When he was unsuccessful in this attempt, Rowe commenced this action against Cenlar and Citimortgage, alleging violations of a hodgepodge of various statutes and laws. Rowe supported his First Amended Complaint by appending no less than fourteen exhibits. Cenlar and Citimortgage moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), relying solely upon Rowe's allegations in his First Amended Complaint and the exhibits thereto. After the District Court granted Cenlar and Citimortgage's motion, Rowe unsuccessfully sought to vacate this determination pursuant to Fed. R. Civ. P. 60(b).

Rowe argues that the grant of dismissal violated his Seventh Amendment right to a trial by jury. Rowe disregards that this right is not violated when a party properly obtains dispositive relief prior to trial. Further, Rowe's argument that Cenlar and Citimortgage were required by the Local Rules to include a Statement of Material Facts in support of its Motion to Dismiss ignores that the Local Rules specify this requirement is for a motion for summary judgment pursuant to Fed. R. Civ. P. 56, not a motion for dismissal pursuant to Fed. R. Civ. P. 12(b). Rowe's argument that he timely rescinded his loan pursuant to TILA disregards the fact that he attempted to do so more than fourteen years after his time to do so had expired. Lastly, where a Statement of Material Facts was not required, Rowe's argument that its omission amounts to an "exceptional circumstance," warranting vacatur pursuant to Fed. R. Civ. P. 60(b), is meritless.

Because the District Court correctly applied the local and federal standards for a Fed. R. Civ. P. 12(b) motion and the standards for a Fed. R. Civ. P. 60(b) motion, finding in Cenlar and Citimortgage's favor in both instances, this Court should affirm the dismissal of the First Amended Complaint in its entirety.

## STATEMENT OF THE STANDARD OF REVIEW

The Court of Appeals for the Second Circuit reviews appeals from a grant of dismissal pursuant to Fed. R. Civ. P. 12(b)(6) *de novo*, accepting all factual allegations as true and drawing all reasonable inference in favor of the plaintiff. *See*

*Triola v. ASRC Mgmt Servs.*, 487 Fed.Appx 611 (2d Cir. 2012). The Court of Appeals for the Second Circuit reviews appeals from decisions on a Rule 60(b) motion for abuse of discretion. *See Buffalo Teachers Fed'n v. Tobe*, 514 Fed.Appx. 57 (2d. Cir. 2013).

In both circumstances, the District Court properly ruled in Cenlar and Citimortgage's favor, and accordingly, this Court should affirm.

## ARGUMENT

## POINT I

## THE DISTRICT COURT DID NOT VIOLATE ROWE'S RIGHT TO A JURY TRIAL

Rowe argues that the District Court violated his right to a jury trial by granting Cenlar and Citimortgage's motion for dismissal. Rowe mistakenly treats a plaintiff's demand for a jury trial as a waiver of dispositive motions.

The authorities Rowe cites to are all inapposite. Rowe points to 28 U.S.C. § 1872, which states, "[i]n all original actions at law in the Supreme Court against citizens of the United States, issues of fact shall be tried by a jury." However, the instant matter is not an original action at law before the United States Supreme Court, but an action commenced in the United States District Court for the Eastern District of New York. (PA – 3).

In fact, Circuit Courts have consistently found that, where dismissal pursuant to Fed. R. Civ. P. 12(b) is proper, a plaintiff's seventh amendment right to a trial by

jury is not violated upon the grant of such a motion. *See Matter of Burch*, 835 Fed.Appx. 741, 748 (5th Cir. 2021) (bankruptcy court's dismissal of claim pursuant to Rule 12[b][6] does not violate right to jury under the Seventh Amendment); *Hahn v. New Jersey*, 803 Fed.Appx. 667, 668 (3d Cir. 2020) ("The Seventh Amendment does not prevent a District Court from dismissing a complaint in a case, like this one, where the plaintiff has failed to plead a plausible claim.") *Henry v. Jones*, 484 Fed.Appx. 290 (11th Cir. 2012) (in light of dismissal of the complaint being proper, no violation of right to trial by jury).

As will be demonstrated below, the District Court's dismissal of the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b) was proper and so Rowe's Seventh Amendment rights were not violated. Further, in light of a proper dismissal pursuant to Rule 12(b), Rowe's corresponding argument that the District Court's orders and judgments issued in this matter are *void ab initio* as a violation of the Seventh Amendment (*see* Appellant's Opening Brief pp. 13 – 14) are likewise meritless.

Accordingly, Rowe's right to a trial by jury was not violated by the dismissal of the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b).

# POINT II

## CENLAR AND CITIMORTGAGE WERE NOT REQUIRED TO INCLUDE A STATEMENT OF MATERIAL FACTS TO SUPPORT THEIR MOTION TO DISMISS

Rowe argues that Cenlar and Citimortgage violated Local Rule 56.1 when they failed to include a Statement of Material Facts in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b). Rowe disregards that a Statement of Material Facts is to be included with a motion for summary judgment, not a motion for dismissal, and Rowe fails to point to anything in the record supporting his claim that the District Court converted Cenlar and Citimortgage's dismissal motion to one for summary judgment.

Fed. R. Civ. P. 56(a) provides that a party may move for summary judgment in part or in whole. Fed. R. Civ. P. 56(c)(1) provides, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record…or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

In furtherance of Fed. R. Civ. P. 56(c), Local Civil Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York provides,

> (a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion, a separate, short, and

> concise statement, in numbered paragraphs, of the material
> facts as to which the moving party contends there is no
> genuine issue to be tried. Failure to submit such a
> statement may constitute grounds for denial of then
> motion. (b) The papers opposing a motion for summary
> judgment shall include a correspondingly numbered
> paragraph responding to each numbered paragraph in the
> statement of the moving party, and if necessary, additional
> paragraphs containing a separate, short and concise
> statement of additional material facts as to which it is
> contended that there exists a genuine issue to be tried.

However, a motion pursuant to Fed. R. Civ. P. 12(b) is not a motion for summary judgment and a statement of material facts is not required. *See Leibovitz v. City of New York*, 14-CV-7106, 2018 WL 1157872 *6 (E.D. N.Y. Mar. 2, 2018 (statement of material facts submitted in opposition to motion to dismiss pursuant to Rule 12[b] not considered by the District Court); *Bridgewater v. Taylor*, 08-CV-3593, 2010 WL 1459722 *1 (S.D. N.Y. Apr. 6, 2010) (as dismissal of the complaint was not a summary judgment decision, Local Rule 56.1 was not applicable).

There is no confusion regarding the basis for Cenlar and Citimortgage's Motion to Dismiss. Cenlar and Citimortgage's motion was denominated as one for dismissal pursuant to Fed. R. Civ. P. 12(b) and supported solely by memoranda of law and references to Rowe's First Amended Complaint and documentation that he included with that complaint. (PA 158 – 175). The District Court acknowledged that the basis for Cenlar and Citimortgage's motion was Fed. R. Civ. P. 12(b) and analyzed it accordingly. (PA 237 – 238). In fact, Rowe acknowledged this when he

submitted his "Memorandum of Law in Opposition to Defendant's Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(B)(6)." (PA – 178). Thus, where the record does not support a claim that Cenlar and Citimortgage moved for summary judgment, there was no basis for Cenlar and Citimortgage to comply with either Fed. R. Civ. P. 56(c) or Local Rule 56.1, and the failure to do so does not provide a basis for reversal.

## POINT III

## THE DISTRICT COURT PROPERLY DISMISSED ROWE'S CAUSE OF ACTION FOR RECISSION PURSUANT TO THE TRUTH IN LENDING ACT[1]

Rowe argues that he properly rescinded his Loan pursuant to TILA. However, his argument states that the "credit transaction" which he rescinded was not based upon the origination of his Loan but the notice he received transferring the loan *seventeen years* after it was originated. *See* Appellant's Opening Brief p. 17. This argument demonstrates a basic misunderstanding of the application of TILA and the facts of this case.

15 U.S.C. § 1635(a) provides that,

---

[1] While Point V of Rowe's Opening Brief is entitled "Point V Violation of BNK, TILA, RESPA", the brief itself presents no arguments with respect to New York's Banking Law or the Real Estate Settlement Procedures Act, instead focusing solely on the Truth in Lending Act. Accordingly, Cenlar and Citimortgage will only address the arguments presented in the Opening Brief.

> in the case of any consumer credit transaction…in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with the regulations of the Bureau, of his intention to do so.

The time to rescind is governed by 15 U.S.C. § 1635(f), which states, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, *notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor*…" (emphasis added). *See also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 410, 118 S.Ct. 1408, 1408 (1998). Generally, a cause of action pursuant to TILA seeking damages must be brought "within one year from the date of the occurrence of the violation…" 15 U.S.C. § 1640.

It is indisputable that the Loan originated on November 7, 2002. (PA 53 – 74). It is likewise indisputable that Rowe sent his purported Notice of Right of Rescission on or about October 21, 2019. (PA 76 – 77). Thus, it cannot be disputed that the Notice of Right of Rescission, sent seventeen years after the origination of the Loan,

was untimely to rescind that transaction by (at minimum) fourteen years. In order to overcome this hurdle, Rowe claims that the transfer of the servicing of the Loan to Cenlar, FSB effective April 1, 2019 amounted to a consumer credit transaction under TILA. He is incorrect.

12 C.F.R. § 1026.2(a)(12) defines consumer credit as "credit offered or extended to a consumer primarily for personal, family, or household purposes." Rowe did not allege, nor could he, that he was offered or extended credit by the transfer of servicing of the Loan to Cenlar, effective April 1, 2019. Likewise, the document that Rowe points to as the "consumer credit transaction," a notice of servicing transfer (PA 108 – 112), does not purport to extend any credit to Rowe for any purpose. In fact, this correspondence references an existing mortgage loan and Rowe's continued obligation to make payment. *Id.* There is simply no basis to view this as a consumer credit transaction.

The plaintiff in *Dins v. Nationstar Mortg., LLC*, 16-CV-2943, 2017 WL 570941 (S.D.N.Y. Feb. 13, 2017) similarly attempted to claim that a notification with respect to an existing loan permitted rescission. In that case, the plaintiff took out a mortgage loan in June of 2006. The mortgage was assigned to the defendant in 2011 and the plaintiff was not notified. The mortgage was further assigned in 2015 and the plaintiff again was not notified. The plaintiff commenced an action in 2016 alleging, *inter alia*, that he was entitled to rescind the mortgage loan because he was

not otherwise informed of these transfers.  The defendant moved to dismiss the complaint.  *Id.* at *1.  In addressing his request for rescission, the District Court rejected the plaintiff's theory and held, "TILA contains a three-year statute of limitations for rescission claims.  15 U.S.C. § 1635(f)…Dins alleges that the loan transaction occurred on or about June 30, 2006…The right of rescission therefore expired on or about June 30, 2009.  Plaintiff filed this lawsuit in 2016, over six years after the right of rescission expired.  Accordingly, Dins's rescission claim is dismissed." *Id.* at *6.

The credit extension at issue in this matter occurred in November of 2002, when the Loan originated.  Rowe's attempt to rescind the Loan was at best *fourteen years* too late.  The District Court properly dismissed this cause of action.

## POINT IV

### THE DISTRICT COURT PROPERLY DENIED ROWE'S REQUEST TO VACATE THE JUDGMENT PURSUANT TO FED. R. CIV. P. 60

Subsequent to the grant of Cenlar and Citimortgage's dismissal motion and the Judgment that followed, Rowe sought to vacate the Judgment pursuant to Fed. R. Civ. P. 60(b).  However, Rowe's motion was based upon the same faulty premise that has been disproven above, *i.e.*, that Cenlar and Citimortgage were required to provide a Statement of Material Facts even though they did not move for summary judgment.  Accordingly, Rowe failed to present a basis to vacate the Judgment and the District Court properly denied his motion.

14

A motion seeking to vacate a judgment pursuant to Fed. R. Civ.P. 60(b)(1) is addressed to the sound discretion of the district court and should only be granted upon a showing of exceptional circumstances. *See Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (affirming the district court's denial of Plaintiff's Rule 60(b) motion).

Rowe alleges that the District Court committed a

> substantial mistake in law and fact when [Judge Azrack] issued her December 22, 2021 order, her December 29, 2021 judgment and her August 25, 2022 order absent admissible evidence supporting Defendant(s) claim…Judge Azrack was required to dismiss Defendant(s) Rule 12 motion which was converted to a Rule 56 summary judgment motion for Defendant(s) failure to provide a statement of material fact.

Appellant's Opening Brief p. 18. However, as Cenlar and Citimortgage have demonstrated, they did not seek summary judgment pursuant to Fed. R. Civ. P. 56(a) but, instead, for dismissal pursuant to Fed. R. Civ. P. 12(b). Further, contrary to Rowe's contention, the record is bereft of any indication that the District Court converted Cenlar and Citimortgage's dismissal motion into a summary judgment motion. Thus, there was no requirement that Cenlar and Citimortgage submit a Statement of Material Facts pursuant to Local Civil Rule 56.1.

Even if this was not the case, Local Rule 56.1(a) provides that the "[f]ailure to submit such a statement *may* constitute grounds for denial of the motion."

(emphasis added). Contrary to Rowe's claim, the failure to include a Statement of Material Facts is not fatal to a summary judgment motion but provides the District Court with the discretion to deny a motion for this reason. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."); *Reynoso v. Tousson*, 14-CV-3564, 2019 WL 4393958 fn. 1 (E.D.N.Y. Sept. 13, 2019) (a District Court maintains discretion to overlook a party's failure to comply with local court rules); *Sfoglia v. Hartford Fire Ins. Co.*, 07-CV-800, 2009 WL 10702957 *6 (E.D.N.Y. June 17, 2009) (Rule 56.1[a] provides the district court with discretion to deny summary judgment upon failure to file statement). Thus, not only would the District Court's disregard for the lack of a Statement of Material Facts be within the Court's discretion, but it would also not amount to bias and inconsistency as Rowe alleges (*see* Appellant's Opening Brief, p. 13). In any case, Rowe's claims regarding Local Rule 56.1 did not rise to the level of an exception circumstance as contemplated under Fed. R. Civ. P. 60(b).

Lastly, Rowe's claim that "the only affidavit or affirmation submitted by Defendant(s) is that of their attorney" (Appellant's Opening Brief p. 19) is curious. Cenlar and Citimortgage's Motion to Dismiss the First Amended Complaint was supported by a Memorandum of Law in Support (PA 159 – 175) and a Memorandum of Law in Further Support (PA 224 – 233). It is not clear what "affidavit or

affirmation" Rowe refers to and his brief does not point to a specific portion of the record. Therefore, this vague claim also does not rise to the level of an exceptional circumstance as contemplated under Fed. R. Civ. P. 60(b). The District Court properly denied Rowe's motion to vacate the Judgment.

## CONCLUSION

The District Court correctly dismissed Rowe's First Amended Complaint where his attempt to rescind the Loan was clearly untimely and his reference to a Statement of Material Facts was inapplicable. Likewise, the District Court did not abuse its discretion in denying Rowe's request to vacate the dismissal. This Court should therefore affirm the District Court's dismissal of the First Amended Complaint.

Respectfully submitted,

/s/ Lijue T. Philip

Lijue T. Philip
Stradley Ronon Stevens & Young, LLP
100 Park Avenue, Suite 2000
New York, NY 10017
Phone: (212) 404-0625
*Attorneys for Appellees,*
*Cenlar FSB and Citimortgage, Inc.*

Dated: February 6, 2023

17

## <u>**CERTIFICATE OF COMPLIANCE WITH FRAP 32(A)**</u>

1. This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 3966 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in Proportionally-Space typeface using Microsoft Word, in Time New Roman, Font Size 14.

5836327

*/s/ Lijue T. Philip*
Lijue T. Philip

Dated: February 6, 2023

18