# 22-1870

☆FILED☆

2023 FEB 17 PM 4:17

CLERK
U.S. DISTRICT COURT
E.D.N.Y.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    FEB 17 2023    ★

LONG ISLAND OFFICE

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

Roger Rowe

Plaintiff-Appellant

- v -

Cenlar FSB, CitiMortgage, Inc

Defendant(s)-Appellee(s)

On Appeal from the United States District Court
for the Eastern District of New York
District Court Case No. 2:19-cv-7278-JMA-AYS
From a Contract Action Related to a Consumer Credit Transaction

Reply Brief of Roger Rowe

Roger Rowe, Pro Se
20 Spruce rd
Amityville, NY 11701
Tel: (631) 767-6537
rroweny@gmail.com

i

# TABLE OF CONTENTS

TABLE OF CONTENTS...........................................................................................................ii

TABLE OF AUTHORITIES ...................................................................................................iii

PRELIMINARY STATEMENT ..............................................................................................1

RESPONSE TO STATEMENT OF ISSES PRESENTED ......................................................3

RESPONSE TO SUMMARY OF ARGUMENT.....................................................................5

POINT I JURY TRAIL...........................................................................................................7

POINT II STATEMENT OF FACT .......................................................................................8

POINT III TILA RECISSION ................................................................................................9

POINT IV VACATE THE IMPROPER JUDGMENT .........................................................11

CONCLUSION......................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556)............................ 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ....................................................... 6

*Cleveland v. Caplaw* Enters., 448 F.3d 518, 521 (2d Cir. 2006)..................................................... 6

*Dins v. Nationstar Mortg., LLC*, 16-cv-2943 (KBF) (S.D.N.Y. Feb. 13, 2017)............................... 9

*Kelly v. New York*, 19-CV-2063 (JMA) (ARL), 7 (E.D.N.Y. Nov. 30, 2020) .................................. 5

**Statutes**

15 U.S.C. § 1635............................................................................................................... 10

15 U.S.C. § 1641(c) ........................................................................................................... 10

15 U.S.C. § 1641(d)(2) ...................................................................................................... 10

15 U.S.C. § 1641(g)(2) ....................................................................................................... 9

28 U.S.C. § 1872................................................................................................................. 7

CPLR § 4101...................................................................................................................... 3

Rule 12(b)(6)..................................................................................................................... 11

Rule 56............................................................................................................................. 11

UCC § 3-115 ...................................................................................................................... 3

UCC § 3-413(1) .................................................................................................................. 2

UCC § 3-414(1) .................................................................................................................. 1

UCC § 3-414(2) .................................................................................................................. 1

UCC § 3-415(1) .................................................................................................................. 1

UCC § 3-415(5) .................................................................................................................. 1

UCC § 3-416(4) ............................................................................................................... 1

UCC§ 3-201(1) ............................................................................................................... 6

**Regulations**

16 C.F.R. Part 433............................................................................................................ 2

RESPA § 1024.2 .............................................................................................................. 7

**Constitutional Provisions**

Constitution of New York State Art. I § 2 ...................................................................... 3

Constitution of the United States Amdt7.2.2 .................................................................. 3

## PRELIMINARY STATEMENT

The gravamen of the complaint arises from Defendant(s) failure to perform a duty or fulfill its contractual obligation to Plaintiff, an accommodation party. As an accommodation party Plaintiff is not liable to the party accommodated and if he pays the instrument has a right of recourse on the instrument against such party (see UCC § 3-415(5)).

UCC § 3-415(1), defines "An accommodation party" is one who signs the instrument in any capacity for the purpose of lending his name to another party to it". As evidenced by the added words accompanying Citi Mortgage[1] signature ("restrictive and qualified" indorsements), its presumed that the signature is for the accommodation of the Plaintiff (see UCC § 3-416(4)).

Although negotiation includes transfer, transfer is not a negotiation which binds Plaintiff to certain liabilities created by Citi Mortgage (the accommodated party). As evidenced by the contract of indorsement every indorser promises that on dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor at the time of the indorsement or to any subsequent indorser who takes it up (see UCC § 3-414(1)). As prescribed under UCC § 3-414(2) unless otherwise agreed indorsers are liable to one another in the order in which they

---

[1] Citi Mortgage acted as agent for Citi Bank the original lender (alter ego of Citi Mortgage) who is also the majority owner (see PA 156).

1

indorse, which is presumed to be the order in which their signatures appear on the instrument. As such both Citi Mortgage (indorser UCC § 3-414(1)) and Cenlar (the accepter) promised to pay the instrument according to its tenor at the time of his engagement or as completed pursuant to Section 3-3115 on incomplete instruments (see UCC § 3-413(1)).

There is no dispute that a contract exists between Plaintiff, the original lender and Defendants. If a contract did not exist, Defendant would not have a valid claim to collect payment. Defendants acknowledge receiving seventeen years of payments and claims that Plaintiff is liable for remaining payments (see PA 50). However, the Court's determination that Defendants where neither assigned or transferred the loan obliterates, Defendant's collection claim.

Defendants claim that they are entitled to receive payments and Plaintiff's demand that money's paid be returned, confirms the existence of a controversy and gives rise to a genuine issue of material fact. Although Defendant styles this action as an attempt to rescind the November 7, 2002 loan transaction, Plaintiff's cause of action is merely to enforce performance of a promise or compel the Defendants to fulfill their obligation.

Defendants attempts to defraud Plaintiff of his claims and defenses violates 16 C.F.R. Part 433. The FTC determined that it constitutes an unfair and deceptive practice for a seller, in the course of financing a consumer purchase of goods or

2

services, to employ procedures which make the consumer's duty to pay independent of the seller's duty to fulfill its obligations. The Defendant is clearly attempting to separate Plaintiff's duty to pay a debt related to the November 7, 2002 loan transaction from Defendants duty to fulfill its obligation related to the March 15, 2019 consumer credit transaction and any claims and defenses Plaintiff might have on the instrument.

As prescribed under UCC § 3-115 "When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed.".

In this instance Citi Mortgage qualified blank indorsement is incomplete and cannot be enforced until Plaintiff consent. As such, Defendant are liable to Plaintiff for violating TILA's "Holder Rule", New York Banking law, Fair Debt Collection Act, Breach of Contract, Breach of Fiduciary Duty and Conversion as described in Plaintiff's complaint.

**RESPONSE TO STATEMENT OF ISSUES PRESENTED**

1. Contrary to Defendants contention, the Court violated Plaintiff's right to a jury trial when it determined issues of fact preserved for a jury. Both the Constitution of the United States Amdt7.2.2 and the Constitution of New York State Art. I § 2 preserves the right to a jury trial. Although the Court is permitted

3

to try equitable defenses and equitable counterclaims (see CPLR § 4101), all issues of fact shall be tried by a jury[2]. Although Defendants are entitled to judicial review of their equitable claims, the law requires legal claims be tried first to avoid prejudicing the either party.

2.      Defendant's contention that a motion to dismiss under Fed. R. Civ 12(b) does not require a statement of facts is inconsistent with the Court notice that it may convert any motion to dismiss onto a summary judgment motion (see ECF Doc. No. 10).

3.      The Court mistakenly took Plaintiff's rescission claim as a request against the loan transaction dated November 7, 2002, with that of the March 15, 2019 credit transaction. Although Defendants failed to deny the allegation in the complaint (which should be treated as admitted), Defendants asserted a right to payment claim against the instrument.

4.      A motion to dismiss under Fed. R. Civ 12(b) for failure to state a cause of action must be converted to a Rule 56 summary judgment when a Defendants asserts an affirmative defenses and counterclaims. Both Defendant and the Court spent an inordinate amount of time identifying and addressing each claim,

---

[2] Plaintiff specifically requested a trial by jury (see face of the complaint).

4

proving the existence of a cause of action. As such the Courts orders and judgment should have resulted in relief in favor of the Plaintiff.

## RESPONSE TO SUMMARY OF ARGUMENT

Counsel's claim that "Rowe sought to rescind his mortgage loan *seventeen years* after he originated it and enjoyed its benefits." (sic) (see ECF Doc. No. 47 page 10), is disingenuous and merely an attempt to separate Plaintiff's duty to pay a debt from Defendants duty to fulfill its obligation. The assigner and assignee is liable to the borrower for all claims and defenses against the instrument. The claims are related to certain disclosures as well as contract violations (see 15 U.S.C. § 1641(d),(e)). In this instance Citi Mortgage (assigner) and Cenlar (assignee) promised to pay the instrument according to its tenor. As an accommodation party Plaintiff was promised that if he pays the instrument he would have a right to recourse against it.

Although the Court is permitted to determine equitable defenses and counterclaims (such as Defendants right to payment), all citizens have a fundamental right to a jury trial. Moreover the Court is required to determine all legal issues prior to terminating an action as to avoid prejudicing a party.

As for the statement of facts, the Court has consistently stated that in order to obtain a dispositive judgment, a statement of undisputed facts must be submitted. In *Kelly v. New York*, 19-CV-2063 (JMA) (ARL), 7 (E.D.N.Y. Nov. 30, 2020) Judge

5

Azrack stated that "To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cleveland v. Caplaw* Enters., 448 F.3d 518, 521 (2d Cir. 2006).".

The content of the record surpasses the threshold of "drawing a reasonable inference that the Defendant's, are liable for the misconduct alleged". In fact, the face of the "NOTICE OF SERVICING TRANSFER (NST)" shows, beyond a reasonable doubt that Defendants were either transferer or transferee of the loan. As prescribed under UCC§ 3-201(1) the "Transfer of an instrument vests in the transferee such rights as the transferor has therein, except that a transferee who has himself been a party to any fraud or illegality affecting the instrument or who as a prior holder had notice of a defense or claim against it cannot improve his position by taking from a later holder in due course.".

6

The record clearly shows that the transfer of servicing also included the transfer of servicer (servicing rights). The face of the NST clearly indicates the change in servicer from Citi Mortgage to Central Loan Administration & Reporting a.k.a. Cenlar (see PA 109). As defined under RESPA § 1024.2. the word servicer is distinct from servicing. A Servicer can include servicing, but servicing does not necessarily include the rights of a servicer.

Given the existence of triable issues of fact, the trial Court erred as a matter of law when it dismissed the complaint under Fed. R. Civ 12(b)(6) for failure to state a cause of action.

## POINT I JURY TRIAL

Counsel's contention that 28 U.S.C. § 1872 somehow relates only to the United States Supreme Court is belied by law. Contrary to Defendant's belief the District Court is impowered by Congress to be the first step in the judicial process. The federal court system has three main levels: district courts (the trial court), circuit courts which are the first level of appeal, and the Supreme Court of the United States, the final level of appeal in the federal system. It is unreasonable to suggest that the Supreme Court rules are different from those of the District Court.

It is clearly a violation of plaintiff's right to a jury trial when equity defenses and equity counterclaims are tried and finalized prior to legal issues. Defendant admitted to Plaintiff's claims and presented affirmative defenses. However, the

record lacks substantial evidence supporting the Courts determination on equity issues while failing to opine on the remaining legal issues. Accordingly, the trail courts orders should be vacated and Plaintiff complaint granted in its entirety.

## POINT II STATEMENT OF FACT

Defendants claim that Rowe fails to point to anything in the record supporting the conversion of the case to one for summary judgment, (see ECF Doc. No. 47 page 14), is belied by Local Civil Rule 12.1 and does not preclude the Court from drawing from the record. The "NOTICE OF THE RECORED ON APPEAL FILED" shows that the Court provided notice on March 5, 2020 and on March 15, 2021 of its intent to convert the motion to dismiss to a summary judgment motion see ECF Doc. No. 10 entry:

> Minute Entry for proceedings held before Judge Joan M. Azrack: CIVIL CAUSE FOR PRE−MOTION/SETTLEMENT CONFERENCE. Pro Se Plaintiff: Roger Rowe. Counsel For Defendants: Jacqueline Aiello. Pre Motion Conference and Settlement Conference held on 3/5/2020 at 10:30 AM. Settlement negotiations held. Briefing schedule set for defendant's motion to dismiss. The Court may convert the motion to a summary judgment motion upon review. Moving papers served by: 5/1/2020; Response: 6/1/2020; Reply: 6/15/2020; Moving party is responsible for filing the fully briefed motion on ECF and providing courtesy copies to Chambers. The Clerk of the Court is directed to mail a copy of this Order to the pro se plaintiff. (c/m to pro se) (Ortiz, Grisel) (Entered: 03/05/2020)

Regardless of whether the Court determined its decision on Rule 12 or 56, said determination is not supported by substantial evidence. It is undisputed that a a genuine issue of fact remains undecided, but more puzzling is the Courts reluctance

to punish Defendant's for their unscrupulous scheme to separate Plaintiff's duty to pay a debt from Defendants duty to fulfill their obligation.

## POINT III TILA RECISSION

Although Defendant's continues to state that Plaintiff misunderstands that law. Counsel fails to acknowledge that TILA applies to loan transaction and credit transaction. TILA exist to prevent unfair and deceptive practices, if the Court is not going to enforce the law what would be the purpose of having laws. The November 7, 2002 transaction is a loan transaction which Plaintiff if entitled to a declaratory judgment against the original lender Citi Bank for its involvement in a scheme to separate the duty to pay a debt from the duty to fulfill a contractual obligation while the March 15, 2019 credit transaction is against Citi Mortgage and Cenlar for colluding to separate the duty to pay a debt from the duty to fulfill a contractual obligation.

Defendants' reliance on *Dins v. Nationstar Mortg., LLC*, 16-cv-2943 (KBF) (S.D.N.Y. Feb. 13, 2017) is mere dicta and fails to apply the law against the credit transaction. As defined under 15 U.S.C. § 1641(g)(2) the term mortgage loan is "As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer". The purpose of the statue is to hold assigners, assignees, transferers, transferee's, servicer and agents accountable for unfair and deceptive act of collecting a debt that has been discharged.

9

Counsel's contention that TILA's statute of limitation is limited to one or three years is inconsistent with the purpose of the stature. As prescribed under 15 U.S.C. § 1641(d)(2) "Any person who purchases or is otherwise assigned a mortgage referred to in section 1602(aa) [1] of this title shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage, unless the purchaser or assignee demonstrates, by a preponderance of the evidence, that a reasonable person exercising ordinary due diligence, could not determine, based on the documentation required by this subchapter, the itemization of the amount financed, and other disclosure of disbursements that the mortgage was a mortgage referred to in section 1602(aa) [1] of this title. The preceding sentence does not affect rights of a consumer under subsection (a), (b), or (c) of this section or any other provision of this subchapter".

The holder rule preserves a consumers claims and defenses if or when certain credit transaction occur. The violation on the face of the instrument is not only related to disclosers but may also include other causes of action 15 U.S.C. § 1641(d)(2)(B). The law states that "Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation" 15 U.S.C. § 1641(c). The rights to rescind the original lenders loan transaction and any credit transaction related to it is covered under 15 U.S.C. § 1635, while the right to rescind a credit transaction involving an assigner,

10

assignee transferer or transferee is covered under 15 U.S.C. § 1641(c). Defendant's attempts to conflate a loan transaction with that of a credit transaction is further proof of Defendant continued attempt to employing a scheme to separate Plaintiff's duty to pay a debt from Defendant's duty to fulfill its obligation.

## POINT IV VACATE THE IMPROPER JUDGMENT

Counsel's contention that his Rule 12(b)(6) motion which contained matters outside the pleadings was not converted to a Rule 56 summary judgment motion is belied by Local Civil Rule 12.1. Although Plaintiff was not provided with the requisite Local Civil Rule 12.1 notice, Plaintiff did replay with the required statement of material fact and supporting documents.

Local Civil Rule 12.1 states "A represented party moving to dismiss or for judgment on the pleadings against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings as described in Fed. R. Civ. P. 12(b) or 12(c), shall serve and file the following notice with the full text of Fed. R. Civ. P. 56 attached at the time the motion is served. If the Court rules that a motion to dismiss or for judgment on the pleadings will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56, and the movant has not previously served and filed the notice required by this rule, the movant shall amend the form notice to reflect that fact and shall serve and file the amended notice within fourteen days of the Court's ruling".

11

In this instance Defendant not only failed to serve his statement of material fact's, he also failed to serve Local Civil Rule 12.1 notice. Defendant also failed to reply to Plaintiff's statement of facts or submit the requisite affidavits. The Court must not allow Defendant's to continue this mascaraed. The Defendants admitted to all claims when they asserted an affirmative defense claiming Plaintiff was in default of his loan. The fact that the Court determined that Plaintiff's loan was never assigned or transferred to Defendant's gives credence to Plaintiff's claim.

## CONCLUSION

Defendants on going collection is evidence of an unresolved genuine issue of material fact. The fact that the Defendant's was neither assigned or transferred the loan supports Plaintiff's wrongful debt collection practices claim. Not only did the Defendants violate FDCPA, they employed a scheme to deprive Plaintiff of his lawful rights.

I ask the Court to vacate the fraudulently obtain judgment and grant the relief cited in the complaint.

Respectfully Yours,
Dated: February 17, 2023

Roger Rowe
Pro Se
20 Spruce rd
Amityville, NY 11701
Tel: (631) 767-6537
rroweny@gmail.com

12

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1. This document complies with type-volume limit of Fed. R. App. P. Rule
32(a)(7)(B) excluding the parts of the document exempted by Fed. R. App. P. 32(f)

this document contains 2863 words.

Signed this 17ᵗʰ day of February, 2023.

Roger Rowe
Pro Se
20 Spruce rd
Amityville, NY 11701
Tel: (631) 767-6537
rroweny@gmail.com

1

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

---

Roger Rowe,

          Plaintiff-Appellee

          v.

Cenlar FSB; CitiMortgage, Inc

          Defendant-Appellant

---

**CERTIFICATE OF SERVICE\***

Docket Number: 22-1870

I, Roger Rowe, hereby certify under penalty of perjury that on February 17, 2023, I served a copy of my Reply brief.

☐Personal Delivery ☐United States Mail ☐ Federal Express or other

☒Overnight Courier☐Commercial Carrier ☒E-Mail (courtesy copy)

on the following parties:

Lijue T. Philip 100 Park Avenue, Suite 2000 New York, New York 10017

e-mail lphilip@stradley.com

\*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

\*\*If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

Today's Date 02/17/2023

                                            Roger Rowe

                                            Pro Se

                                            20 Spruce rd

                                            Amityville, NY 11701

                                            Tel: (631) 767-6537

                                            rroweny@gmail.com